## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROWNELL LAND COMPANY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0142** |
| **RANGER OIL COMPANY, TRANSCO EXPLORATION COMPANY, OXY USA, INC., UNION OIL COMPANY OF CALIFORNIA, LEAR PETROLEUM EXPLORATION, INC., PETRO-HUNT, LLC, CONTINENTAL RESOURCES CO., COTTON PETROLEUM CORP., AUSTRAL OIL COMPANY, INC., AND QUINTANA PRODUCTION COMPANY** | **SECT. 'T'(5)** |

Before the Court is a Rule 12 Motion for a More Definite Statement and to Dismiss filed on behalf of Union Oil Company of California ("Union") and Transco Exploration Company ("Transco"). This matter was submitted for the Court's consideration with oral argument on June 15, 2005. Subsequent to the hearing, both parties were ordered to research the basis of the prematurity arguments raised in their memoranda and further advise the Court accordingly. The motions were taken under advisement. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

I.      BACKGROUND

The plaintiff alleges that it is (1) an owner of an "undivided interest" in real property located in Assumption Parish, Louisiana which plaintiff claims has been contaminated by oil and gas exploration and production activities of one or more of the defendants, and (2) the lessor, assign, third-party beneficiary and/or successor in interest to certain unspecified oil, gas, and mineral leases between plaintiff and the various defendants.   Plaintiff seeks restoration of its land and other appropriate damages under Louisiana law.

II.     LAW AND ANALYSIS

   A.      Rule 12(c) Motion for More Definite Statement

To support its contention that a more definite statement is necessary for them to adequately respond to the claims made against them, Union and Transco argue that Brownell must answer several questions in the form of an Amended Petition.  Specifically, the defendant submits that the plaintiff fails to plead basic facts, such as:  (1) which defendants engaged in what activities;  (2)  whether each defendant is a lessee;  (3)  whether one or more defendants operate on adjoining property owned by an entity that is not a party to this litigation;  (4)  where defendants are lessees, whether they operate under leases with Brownell or its predecessors in interest; and (5)  why are all these defendants named in the same suit.

The defendants argue that Brownell should be ordered to amend its Petition to allege:  (1) the contracts applicable to each defendants;  (2)  the precise nature of each defendant's activities, such as drilling or operating a specific well, constructing or using a particular pit, disposing of a

particular waste, etc.; (3) when each defendant's activities occurred and where the alleged damage is located; and (4) when each defendant's activity caused damage to the property and when Brownell discovered it.

In opposition to defendants arguments regarding the Motion for More Definite Statement, the plaintiff argues that its Petition complies with the Federal Rules of Civil Procedure, which are not as onerous as the fact pleading requirements under Louisiana law and rely on Wright and Miller, who caution that the Motion for a More Definite Statement "should be used sparingly." *Federal Practice and Procedure*, § 1202. The granting of such a motion should be limited "to situations in which a pleading is so vague or ambiguous that the movant cannot reasonably be required to answer or respond to it." *Federal Practice and Procedure*, § 1341. The plaintiff contends that its eleven page Petition for Damages specifically identifies the following:

1. the property at issue, by section, township, and range and identifies each well by serial number;

2. the operational area at issue - the Grosbee Field;

3. the types of claims and legal theories relied upon - breach of contract, trespass, nuisance, Civil Code articles 667, 2315, 2315.3, 2317, and 2322.

4. the cause(s) of the pollution on Plaintiff's property - pits, pipelines, spillage, and so on;

5. the chemical constituents of produced water , drilling muds, and NORM;

6. the type of damages sought - restoration and remediation, stigma, assessment and responsive cost, and exemplary damages.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement is

enforced by Rule 12(e) which allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Court finds that the plaintiff's Petition for Damages is sufficient and as such, defendants' Rule 12(e) motion should fail. The pleading contains enough facts for the defendants to answer and any specific information not included can be obtained through discovery.

> B. **Rule 12(b)(1) Motion Requesting Deference to the Primary Concurrent Jurisdiction of Expert Louisiana Agencies**

The defendants argue that under the doctrine of primary jurisdiction, this Court should temporarily defer exercise of its jurisdiction and ask the Louisiana Office of Conservation and/or the Louisiana Department of Environmental Quality (LOC/DEQ) to resolve three discrete questions within their knowledge and expertise:

1. Whether contamination exists on the plaintiff's property;
2. The delineation of any such contamination; and
3. The appropriate method to remedy any such contamination

The plaintiff contends, and this Court agrees, that deferral of jurisdiction to the LDEQ or LDNR would be contrary to the 2003 Louisiana Supreme Court's decision in *Corbello v. Iowa Production Company*, 2002-0826 (La. 2/25/03), 850 So.2d 686, an oilfield contamination case in which the court held that "[p]rivate landowners in Louisiana have no duty to seek relief from an administrative agency before filing suit against an oil company." Further, Louisiana's district courts are constitutionally vested with original jurisdiction to award money damages for polluted

property.  La. Const. Art. V, § 16(A)(1974).  "[M]onetary damages are within the exclusive jurisdiction of Louisiana courts.  Plaintiff's action for damage to its property is a matter of private law." *Magnolia Coal Terminal v. Phillips Oil Company*, 576 So.2d 475, 483 (La. 1991). Accordingly, the defendants' request for this Court to refer this matter to the Louisiana regulatory agencies is denied.

        **C.**      **Rule 12(b)(1) and/or 12(b)(6) Motion to Dismiss Plaintiff's Premature Claims**

On June 15, 2005, at the hearing in the above-captioned matter, the parties agreed to research the basis of the prematurity arguments further and advise the Court accordingly. Subsequently, counsel for Union Oil and Transco informed that Court that they were unable to determine that any of the leases in this case are still in effect and therefore withdrew its Motion to Dismiss based on prematurity in that regard.

The contention that prior notification and demand is a prerequisite to the plaintiff's actions is also before this Court. Union Oil has informed the Court that it has been provided with no information indicating that the plaintiff provided the requisite written notice required by La. R.S. 31:136 and, therefore, Union Oil maintains its Motion to Dismiss based on prematurity in that regard.  Transco has informed the Court that it did receive the requisite written notice and therefore withdraws its Motion to Dismiss based on prematurity in that regard.

Article 136 of the Mineral Code, relied on by the defendant, requires notice of default where the lessor's claims address "drainage of the property leased of from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator." La. R.S. 31:136.  This Court agrees with plaintiff's argument that it has made no claim regarding drainage

or failure to develop and, while there are aspects of his claim that relate to the conduct of a prudent operator, this suit is for restoration and remediation of plaintiff's property.  In addition, the defendants argue that the plaintiff has failed to meet the requirement that it make "amicable demand" upon defendants or otherwise put the defendants in default prior to filing suit for breach.  As the Court found in *R.R. Minvielle, L.L.C. v. Shell Oil Co., et al*, Plaintiff's Exhibit A, this Court finds that there is no "amicable demand" required for plaintiff's non-Mineral Code causes of action.  The Court finds that given the allegations in the Petition, it cannot be concluded that the plaintiff could prove no set of facts that would entitle it to relief against these defendants and as such, the Rule 12(B0(1) and 12(b)(6) motions based on lack of notice of default are denied.

   **D.**  **Motion for Compliance with Rule 20 and Rule 21**

   The plaintiff has joined in one suit claims against ten defendants seeking restoration of its property caused by the conduct of the defendants.  Rule 20(a) of the Federal Rules of Civil Procedure allows multiple defendants to be joined in a single lawsuit only if there "is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

   The defendants contend that each act by the separate defendants was a distinct "transaction or occurrence," which occurred at different times from one another and at locations different from one another.  They argue that pursuant to Rule 21, the Court should order that plaintiff file separate actions if it wishes to seek recovery of damages from each of the name

6

defendants on this operations and activities.

The plaintiff argues that while each defendant claims it engaged in separate acts which were distinct transactions and occurrences, no specifics were offered.  As much of the land damage is probably due to the combined effects of the operations of the several defendant and due to the fact that more discovery is needed to determine the extent and nature of each defendants' activities, their effect upon the land, and whether the land was damaged due to the combined activities of one or more defendants, the Court finds that the record does not support a finding of misjoinder or non-joinder.

### E.      Motion for Compliance with Rule 19

Rule 19 of the Federal Rules of Civil Procedure requires all feasible persons to be joined into the law suit.  The defendants argue that due to the vagueness of the factual allegations in the Petition, it is impossible for them to discern whether all parties who will be directly affected by a judgment herein have been joined.

The plaintiff's Petition states that it is the owner of the land.  In addition, all defendants were identified through the public records of the Commission of Conservation as parties that conducted oil and gas activities at that time.  The defendants have not shown that there is any party that should have been joined to this action.  Their arguments are merely speculative, as the existence, identity or potential relationship to the instant lawsuit of any necessary parties are completely unknown.  *R.R. Minvielle, L.L.C. v. Shell Oil Co., et al,* Plaintiff's Exhibit A.  The defendants have failed to show that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief.

Accordingly,

**IT IS ORDERED** that the Rule 12 Motion for a More Definite Statement and to Dismiss, filed on behalf of Union Oil Company of California and Transco Exploration Company, be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of February, 2006.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**